[No. G012471. Fourth Dist., Div. Three. Dec. 22, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES STUART HALSEY, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rule 976(b), parts II, III and IV are not published.

## COUNSEL

Donna S. Davis, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Maxine Cutler and Carl H. Horst, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**MOORE, J.**—Defendant appeals from his conviction of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)), false imprisonment (Pen. Code, § 236), petty theft (Pen. Code, §§ 484/488), and joyriding (Pen. Code, § 499b). Defendant argues the trial court improperly denied his motion for new trial based on jury misconduct and improperly instructed the jury on false imprisonment. He also contends the trial court improperly allowed him to be impeached with a "subsequent" felony conviction. This latter contention we discuss in the published portion of this case.

I

### IMPEACHMENT BY A "SUBSEQUENT" FELONY

Defendant committed forcible oral copulation in October of 1989, but was not convicted of this crime until July 1991. Defendant committed the instant offenses on March 22, 1991. Trial commenced for the instant offenses on December 16. Prior to trial, defense counsel moved to exclude evidence of defendant's "prior" conviction. The court tentatively ruled the evidence admissible, but directed the district attorney to limit his cross-examination to asking the defendant if he had "ever been convicted of a felony involving

moral turpitude." During cross-examination, the district attorney questioned defendant about the conviction.[1]

Defendant characterizes his conviction for the earlier offense as a "subsequent" conviction. He contends the trial court erred by allowing the district attorney to impeach him with this conviction during trial.

Specific acts of a witness's conduct are inadmissible to attack or support his credibility. (Evid. Code, § 787.) Felony convictions are admissible to attack the credibility of a witness, including a testifying defendant. (Evid. Code, § 788[2]; *People* v. *Pike* (1962) 58 Cal.2d 70, 93 [22 Cal.Rptr. 664, 372 P.2d 656].) ■ Defendant argues Evidence Code section 788 impliedly forbids impeachment of a testifying defendant with felony convictions which have a conviction date subsequent to the offense for which he is on trial. We do not agree.

The parties agree the term "prior felony conviction," as used in Evidence Code section 788, has not been specifically defined. Therefore, we look to analogous cases in which the term has been discussed in evidentiary situations.

In *People* v. *Darnold* (1963) 219 Cal.App.2d 561 [33 Cal.Rptr. 369], multiple defendants were tried for various crimes, including conspiracy. Defendant Waltreus testified and called character witnesses on his behalf to testify to his general reputation for peace and quiet, truth and honesty. The prosecution asked these witnesses if they were aware of Waltreus's convictions for conspiracy to commit grand theft and attempted grand theft. During the questioning of the last of those witnesses, it was discovered that the offense of conspiracy to commit grand theft and attempted grand theft was subsequent to the offense charged in the case at trial. The court held "[e]ven though the jury was so instructed [to disregard the questions and answers relative to the subsequent offense of conspiracy], such testimony was admissible with respect to the traits of truth and honesty, since Waltreus was a witness." (*Id.* at p. 582; see also *People* v. *Godsey* (1945) 71 Cal.App.2d 82, 93 [162 P.2d 46].)

The Supreme Court in *People* v. *Castro* (1985) 38 Cal.3d 301 [211 Cal.Rptr. 719, 696 P.2d 111], considered the effect of article I, section 28,

---

[1]The colloquy between defendant and the prosecutor was as follows: "Q. And, by the way, you were convicted this year of a felony; is that correct? [¶] A. Yes. [¶] Q. A felony involving moral turpitude? [¶] A. Yes."

[2]With certain exceptions not relevant here, Evidence Code section 788 states: "For the purpose of attacking the credibility of a witness, it may be shown by the examination of the witness or by the record of the judgment that he has been convicted of a felony . . . ."

subdivision (f) of the California Constitution, enacted in 1982 as part of the so-called Victims' Bill of Rights (Proposition 8), on Evidence Code sections 352 and 788. *Castro* held Proposition 8 "did not abolish trial court discretion with respect to felony-impeachment . . . ." (38 Cal.3d at pp. 313, 323.) However, due process requires a court limit introduction of evidence of prior felony convictions for impeachment to those crimes which involve moral turpitude. (*Id.* at pp. 314, 322.) "There is, of course, a practical problem: since, as we have seen [citations] the constitutional imperative of relevance prohibits impeachment with felonies which do not connote moral laxity of any kind, it will be necessary to determine with respect to each felony conviction offered for impeachment—difficult though this may prove to be—whether it does or does not involve moral turpitude. If it does not, that is the end of it. If it does, it is prima facie admissible, subject to the exercise of trial court discretion." (*Id.* at p. 316, fn. omitted.) A reasonable inference from this rule is that the date of the offense underlying the prior conviction is of no importance for admissibility, as long as the crime is one involving moral turpitude.

Defendant relies on *People* v. *Balderas* (1985) 41 Cal.3d 144 [222 Cal.Rptr. 184, 711 P.2d 480], to argue his interpretation of Evidence Code section 788. However, the *Balderas* court focused on the term "prior felony conviction" as used in Penal Code section 190.3, subdivision (c). That statute provides the trier of fact may consider the presence or absence of prior felony convictions in determining the penalty to be imposed on a defendant convicted of first degree murder with special circumstances. *Balderas* held evidence of felony convictions admitted under section 190.3, subdivision (c) must be based on felonies committed before the commission of the capital crime, since the statute indirectly affected the punishment imposed on the defendant and the statute expressly required the felony or felonies considered be "prior" convictions. (41 Cal.3d at pp. 201-203.) We agree with the holding in *Balderas*, but find it inapplicable to this case. Evidence Code section 788 does not directly or indirectly mandate increased punishment because a witness has suffered a felony conviction, nor does the statute expressly require a prior conviction.

We hold a prior felony conviction for purposes of impeachment under Evidence Code section 788 means any conviction suffered before trial, regardless of the offense date. The admission of evidence concerning the witnesses's prior felony conviction tests his or her credibility as a witness during trial. Because the evidence is not intended to be used as an aggravating factor for sentencing purposes, the offense date is irrelevant.

II-IV*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment is affirmed.

Sills, P. J., and Sonenshine, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 16, 1994.

---

*See footnote, *ante*, page 325.